[No. 8350.   Department Two.   January 25, 1910.]

## CHARLES L. WILLIAMS, *Respondent*, v. LEWIS N. ROSENBAUM, INCORPORATED, *Appellant*.[1]

DAMAGES—CONTRACTS—LIQUIDATED DAMAGES—DELAY IN BUILD-
ING. A provision in a building contract for liquidated damages of
$10 per day for delay in completing the building is valid, and en-
titles the owner to damages for such part of the delay as was not
due to his fault, and is not avoided by radical alterations, where
the contract made provision therefor.

CONTRACTS—ACTIONS—DEFENSES—ISSUES. In an action on a build-
ing contract for a balance due, the plaintiff cannot avoid the pro-
vision for liquidated damages for delay by asserting *quantum meruit*
under the claim that the contract was avoided by alterations, or
by the fact that the owner did not stop the work, he having pursued
the remedy provided in the contract for liquidated damages.

Appeal from a judgment of the superior court for King
county, Yakey, J., entered June 21, 1909, in favor of the
plaintiff, after a trial on the merits before the court without
a jury, in an action to foreclose a mechanics' lien. Re-
versed.

*Ira Bronson* and *D. B. Trefethen*, for appellant.

*E. H. Kohlhase*, for respondent.

DUNBAR, J.—The plaintiff and respondent entered into a
contract with the defendant and appellant to build a house for
the latter. The agreement was executed on the 10th day of
June, 1908; and among other provisions, was the following:

"The party of the second part further agrees to start
work as soon as possible from this date and to prosecute and
complete all of the work herein mentioned in a rapid and
diligent manner, time being of the essence of this contract,
completely finishing said building on or before the 1st day of
August, 1908, it being agreed that should said second party
fail to so complete said building at the date mentioned then he
is to forfeit the sum of $10 for every day thereafter that

[1]Reported in 106 Pac. 493.

said building remains unfinished as liquidated damages, which amount is to be deducted from the consideration herein named."

It was also provided in the contract that the party of the first part should have the right as work progressed to make changes and alterations in the construction of the building, under certain conditions. The contract price was $2,100. Upon the completion of the building, suit was brought for $600 balance due on contract price, for compensation for extra work in the sum of $177.80, $5 for the preparation of a lien, $200 attorney's fees, and for some other minor costs. The answer put in issue some of the allegations of the complaint which it is not necessary to notice here under the assignments of error presented; denied the reasonableness of the attorney's fees; alleged that the building was not completed within the time required, and demanded a deduction from the amount of the contract price of $10 a day from the date on which the building was to be finished under the contract up to the date at which it was really completed. The court rendered judgment for $740, which judgment included $140 for extra work, and also rendered judgment for $100 as attorney's fees, and gave judgment for the establishment of the lien.

The record shows that a mistake was made in pointing out the ground on which the building was to be erected, and that the ground which was actually built upon required a stronger foundation than would have been required on the ground which was pointed out to the contractor by the architect, who was the appellant's agent in that respect, and on the first day of July the respondent was stopped in his work by the city authorities until certain extra foundation work was done which was specified by the city. This work the respondent did, and he was delayed by reason of this extra work until the 15th day of July, when he proceeded to work, and the house was completed, according to respondent's contention, on the 12th day of September, 1908.

On this appeal it is conceded by the appellant that the respondent was entitled to $140 which was awarded him in the judgment for extra expense and delay, but he claims that there should be a reduction of the judgment to the extent of the amount of $10 per day for the length of time which existed between the date upon which the building was to be completed under the contract and the date when it actually was completed, less the fifteen days during which respondent was delayed in the work by reason of the fault of the appellant. It is conceded that the commencement of the delay was on the 1st day of July, and that it ended on the 15th day of July. Under the contract the building was to have been completed on the 1st day of August, 1908. It was not completed until the 12th day of September, 1908, which would amount to forty-three days. But fifteen days should be deducted from this number to make good the delay caused by the changed conditions, which would still leave the contractor in default twenty-eight days, for which time, under the contract, the appellant was entitled to a demurrage of $280, which the court refused to award him.

These stipulations for liquidated damages have been uniformly sustained by this court since the decision in the case of *Reichenbach v. Sage,* 13 Wash. 364, 43 Pac. 354, 52 Am. St. 51, and no good reason appears why the appellant should not be entitled to the benefit of this provision of his contract. The answer of the respondent to this proposition is that, by reason of the radical changes made in the building, the contract was avoided, and that the appellant was only entitled to recover on a *quantum meruit.* But this position is not tenable. The contract itself made provision for changes during the progress of the work, and in addition to this fact, this suit is brought squarely upon the contract, and the recovery was had and the judgment rendered with reference to the contract price stipulated. The respondent says that, when the court takes into consideration the existing conditions as shown in the statement of facts and the contract,

there is no room for the claim of the appellant to the demurrage. But the damage which accrued to respondent by reason of these changed conditions is covered by the judgment, and cannot be made to play any further part in the proceedings. It is also urged by the respondent that the appellant cannot recover liquidated damages for the reason that he did not stop the work when the time had expired. But he pursued the remedy which was provided in the contract for an emergency of this kind, viz., demanded the liquidated damages specified.

We think, under any theory of the case, that the appellant was entitled to have the judgment offset to the extent that we have indicated, and the judgment will be modified by reducing the amount of the same $280, or it will be reversed with instructions to the lower court to enter judgment for the sum of $560. The appellant will recover the costs of this appeal.

RUDKIN, C. J., PARKER, MOUNT, and CROW, JJ., concur